UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CELINDA ACEVADO and JACQUELINE LOPEZ,
Individually and on behalf of all others similarly situated,

                             Plaintiffs,

           -against-

CITIBANK, N.A.,

                        Defendant.
------------------------------------------------------------------X

AMENDED COMPLAINT

Case No. 10-cv-08030 (PGG)

Plaintiffs Celinda Acevado and Jacqueline Lopez ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys the Law Offices of G. Oliver Koppell and Associates, complains of defendant Citibank, N.A ("Defendant"), and alleges as follows:

## NATURE OF THE CASE

1.      This action is brought by Plaintiffs, individually and on behalf of a class of similarly situated account holders of Defendant, a banking institution, who seek damages and injunctive relief based on the unlawful conduct of Defendant in denying such account holders the ability to obtain funds in their accounts, in some instances releasing Plaintiffs and the Classes' statutorily protected personal property to third party creditors, as well as charging unlawful fees to class members.

2.      This action is brought pursuant to the Exempt Income Protection Act ("EIPA") and New York Common Law.  Defendant has converted Plaintiffs' and the Classes' personal property, breached its duties to Plaintiffs and the Class, and also engaged in contumacious conduct by failing to adhere to EIPA's provisions.

1

3.      EIPA prohibits judgment creditors from restraining the first $2500 of funds deposited into Plaintiffs' accounts from federally protected sources.  To effectuate these policies, the EIPA imposes various obligations on banks and creditors to provide notice of when creditors attempt to restrain accounts, and to remove the restraint when account holders claim that the funds are exempt.  Additionally the statute prevents creditors from restraining the first $1740 in any account, regardless of the source of the funds.  Any notice served on a bank to restrain an account containing $1740 or less "shall be deemed void."

4.      Despite the requirements of the EIPA and federal law, Defendant has unlawfully regularly restrained Plaintiffs' and the Classes' accounts, upon information and belief, in numerous instances subsequently transferred the funds to creditors. Defendant has done so in clear violation of the law's terms, which has prevented Plaintiffs and the Class from accessing their statutorily protected assets to purchase items as basic as food and clothing.  Defendant has converted such monies to its' own use and to the use of third parties.  Defendant has also unlawfully imposed fees and penalties on Plaintiffs and the Class.

5.      Plaintiffs and the Class seek exemplary and punitive damages where appropriate and allowed and an injunction enjoining the continuation of Defendant's unlawful conduct, restitution and disgorgement.

6.      In connection with the activities giving rise to this action, Defendant acted with malice, intent, recklessness, knowledge and wanton disregard for the rights of Plaintiffs and the Class.

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court is based upon 28 U.S.C. § 1332. Upon information and belief, the damages of the Class exceed $5,000,000 in the aggregate.

8.    This Court possesses personal jurisdiction over Defendant based on Defendant's residence, presence, transaction of business and contacts within the United States, New York and this District.

9.    Venue is proper within this District under 28 U.S.C. § 1391(a) and (c) because Defendant resides and transacts business in this District and because a substantial part of the events or omissions giving rise to the claims and injuries alleged herein occurred in this District.

## PARTIES

10.    Defendant is a major national bank, which describes itself as "found in more than 100 countries. Citibank delivers a wide array of banking, lending and investment services to individual consumers, as well as to small businesses with up to $10 million in annual sales. Citibank also offers a full range of financial services products to serve the needs of small and large corporations, governments, and institutional and individual investors." Upon information and belief, Defendant is a Delaware corporation with a corporate office located at 1 Court Square, Long Island City, New York 11120. Defendant maintains numerous branches and conducts significant business in New York State.

11.    Plaintiff Celinda Acevado resides at 90 Avenue D, #6G, New York, NY 10009. During the relevant period, she maintained a savings account at one of Defendant's New York City branches.

12.     Plaintiff Jacqueline Lopez resides at 202 Brighton 10th St., Brooklyn, New York 11235. During the relevant period, she maintained a checking account at one of Defendant's New York City branches.

## ALLEGATIONS WITH RESPECT TO INDIVIDUAL PLAINTIFFS

12.     On or about June, 2009 Plaintiff Acevado received notice from Defendant that her savings account was frozen due to the service of a restraint notice and/or levy by third-party creditors. At the time of the restraint, Plaintiff had approximately $2000.00 in her account, received from her wages.

13.     Upon information and belief, Defendant charged Plaintiff Acevado administrative fees associated with placing the restraint on her account (approximately $100.00). Upon information and belief, Plaintiff did not receive any disclosures from Defendant concerning any property that may be exempt from restraint. Upon information and belief, Plaintiff could not access any of the funds in her account, either in person, through an automated teller machine, by debit card or by check.

14.     On or about January 5, 2011 Plaintiff Lopez received notice from Defendant that her checking account was frozen due to the service of a restraint notice and/or levy by third-party creditors.  At the time of the restraint, Plaintiff had approximately $3305.60 in her account, received from her wages.

15.     Upon information and belief, Defendant charged Plaintiff administrative fees associated with placing the restraint on her account (approximately $125.00). Defendant informed Plaintiff that at the time of the restraint, her funds would be transferred to a holding account of the Defendant. Upon information and belief, Plaintiff

could not access any of the funds in her account, either in person, through an automated teller machine, by debit card or by check.

## ALLEGATIONS COMMON TO ALL CLAIMS

16.     Before the passage of EIPA, New York law was silent as to the protection of federally exempted funds (existing statutory provisions that exempt certain personal property from garnishment).  At the same time, there was a dramatic increase in debt collection in New York.  In 2006, there were approximately 320,000 consumer debt cases filed in New York City alone; the cases involved a total of $1 billion in claims, of which approximately $800 million was collected by creditors.[1]  One study concluded that 80% of these cases resulted in default judgments.

17.     Under New York law, judgment creditors can electronically search bank records to locate the accounts of debtors.  Once the accounts have been identified, New York law permits creditors to put a restraint on the accounts.  Such a restraint has the effect of prohibiting account holders from withdrawing their funds.  Any additional deposits into the accounts, including federal benefits payments, are immediately restrained and therefore unavailable to account holders.  Financial institutions often place the restraints on accounts in order to allow courts time to determine to whom the funds should be released.[2]  As a result, creditors enjoy greater leverage to settle the debts with the account holders.

18.     Creditors often serve notices to restrain thousands of accounts at a time with the assistance of the electronic restraint tool.  According to the New York City Department of Consumer Affairs, "[t]he ease and efficiency of this process encourages

---

[1]      http://www.urbanjustice.org/pdf/publications/CDP_Debt_Weight.pdf;
http://www.nyc.gov/html/ofe/downloads/pdf/Letter_to_OCC.pdf
[2]      72 Fed. Reg. 55,275 (Sept. 27, 2007).

the use of electronic service and causes undue hardship for many, not only here in New York, but nationwide."[3]

19.    In 2008, the New York State Legislature passed EIPA.  It prohibits judgment creditors from restraining the first $1716 of any debtors' electronic bank account, regardless of the source of the funds.[4]  C.P.L.R. §5222(i).  This amount has since been raised to $1740.  *Id.*  Banks are instructed by the statute that any notices attempting to restrain these accounts "shall be deemed void."  *Id.*  EIPA also mandates that no fees be charged to the account holder in connection with creditors' attempt to freeze the funds where the restraint is unlawfully effectuated or no funds can be lawfully restrained.  *Id.* at §5222(j).

20.    In addition, EIPA places the first $2500 of "reasonably identifiable" federally exempt benefit payments under the protection of state law.  *Id.* at §5205(l).

21.    In the event that the bank is served with a restraint request for an account, for the restraint to be valid the bank must receive from the creditor, and send to the debtor, an exemption claim form to the account holder within two days.  Upon receipt of the executed exemption form, the bank must release all exempt funds in the account within eight days.   *Id.* § 5222-a(b)-(c). The failure by the bank to receive the exemption forms from the creditor or from the creditor's representative renders the restraint void.

22.    Defendant has openly violated the EIPA despite the clear wording of the statute.

23.    Defendant is readily able to identify the source of protected funds.  Many of these funds are, in fact, electronic payments made directly through the Defendant.

---

[3]        http://www.nyc.gov/html/ofe/downloads/pdf/Letter_to_OCC.pdf
[4]        The statutory limit increases over time.  Currently, the first $1740 in any account is exempted from garnishment.  N.Y. C.P.L.R. § 5222(i).

Furthermore, Defendant is aware of the fact that pursuant to EIPA regardless of the source of the funds, the first $1740 in any account is protected. Nonetheless, upon information and belief, thousands of account holders have had their entire accounts frozen by non-compliant financial institutions, such as Defendant. Moreover, in automatically issuing checks to class members for exempt funds, Defendant has also prevented account holders from maintaining access to bank accounts.

24.     The effect of these illegal actions is that Plaintiffs and Class Members have been prevented from accessing certain monies held in their accounts for sustained periods of time. Class Members have been unable to use such monies for a period of time in any manner they deem appropriate. In some instances, the funds were ultimately unlawfully transferred to the judgment creditors. In addition, Defendant has unlawfully assessed fees both for the restraint, as well as overdraft and insufficient funds fees for monies Class Members are entitled to by law. During this same period, the Defendant has been able to unjustly enrich itself with these converted funds.

## CLASS ACTION ALLEGATIONS

25.     Plaintiffs seek to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, sub-sections 23(a) and 23(b)(2) and/or (b)(3) on behalf of themselves and the following Class:

> All individual account holders of Defendant who, during the period between January 1, 2009 and the present, had their accounts restrained and/or levied upon pursuant to the provisions of the New York Civil Practice Law and Rules in violation, in whole or in part, of EIPA.

The Class satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the CPLR.

26.     The members of the Class are so numerous that joinder of all Class members is impracticable.  While the exact number of Class members can be determined only by appropriate discovery, Plaintiffs believe that members of the Class number in the thousands.

27.     Defendant's misconduct has affected all members of the Class in a similar manner.

28.     Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and all of the Class Members were injured and continue to be injured in the same manner by Defendant's unlawful and inequitable acts and practices, as well as Defendant's wrongful conduct.

29.     Plaintiffs have no interests that are adverse or antagonistic to those of the Class.  Plaintiffs' interest is to obtain relief for themselves and the Class for the harm arising out of the violations of law set forth herein.

30.     Plaintiffs will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in complex class action litigation.

31.     The class action is superior to all other available methods for fair and efficient adjudication of this controversy.  Since the damages suffered by the members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for Plaintiffs and members of the Class individually to seek redress for the wrongful conduct alleged.

32.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a.  Whether Defendant attempted to identify funds that were statutorily exempted from garnishment;

    b.  Whether Defendant knowingly or negligently restrained accounts containing less than the protected statutory minimum under EIPA;

    c.  Whether Plaintiffs' protected assets were transferred to third-party creditors or their agents in violation of EIPA;

    d.  Whether Defendant charged or imposed fees in connection with or as a result of the restraints on the accounts of the Class,  in violation of EIPA;

    e.  Whether Defendant honored restraints that failed to comply with the requirements of EIPA;

    f.  Whether Defendant required receipt of and provided the Class with the Restraining Notice, EIPA Notice and EIPA claim form; and

    g.  Whether Plaintiffs and the Class are entitled to injunctive relief to remedy Defendant's continuing violation law alleged herein.

33.     The Class is readily definable, and prosecution of this action as a class action will reduce the possibility of repetitious litigation.  Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

34.    Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with relief with respect to the Class as a whole.

35.    Class Members have no adequate remedy at law for Defendant's past and ongoing violations of EIPA. Defendant's continued unlawful restraint of Class Members' accounts will preclude them from utilizing funds to which they are entitled in a manner which they see fit, which may subject Class Members to interest penalties, penalty payments, eviction, repossession or other such harms.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE EXEMPT INCOME PROTECTION ACT

36.    Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 37 of this complaint as if fully set forth herein.

37.    Defendant is a banking institution as defined in CPLR §5205(n).

38.    Pursuant to CPLR §5205(l), if statutorily exempt payments were deposited in an individual's account electronically or through direct deposit within the 45 day period prior to receipt of a restraining notice or execution, Defendant is prohibited from restraining $2500 belonging to that individual.

39.    Pursuant to CPLR §5222(i), as of January 1, 2009 a restraining notice cannot be applied by a banking institution to the first $1716 of an individual's account regardless of the source, an amount that rose to $1740 on July 24, 2009. Where an account contains 90% or less of the $1716 or $1740 discussed above, the restraint is deemed void.

40.    Pursuant to CPLR §5222(j) if a banking institution cannot lawfully restrain an account, or the restraint placed on the account violates EIPA, the banking institution may not charge a fee to the debtor.

41.    Defendant has and continues to fail to abide by the terms of EIPA set forth above. Defendant has unlawfully restrained funds from Plaintiffs and Class Members that are exempt from restraint and imposes a restraint where none can be imposed.

42.    Upon information and belief, Defendant also imposes fees on Class Members despite the fact that it cannot lawfully restrain Class Members' accounts, or the restraint placed on the Class Members' account violates EIPA.

43.    As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

## AS AND FOR A SECOND CAUSE OF ACTION FOR CONVERSION

44.    Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 43 of this complaint as if fully set forth herein.

45.    In identifying, designating and unlawfully restraining Class Members' funds, Defendant knowingly and intentionally unlawfully exercised control over the monies belonging to Class Members.

46.    Because of the unlawful restraint imposed by Defendant, Plaintiffs and Class Members' rights in their funds were and are interfered with and their funds cannot be used the manner in which Class Members desire.

47.    Defendant also unlawfully did and continues to directly impose and debit fees from Class Members' funds in connection with these restraints, depriving Class Members of the use and control over their property.

11

48.     As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

## AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

49.     Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 48 of this complaint as if fully set forth herein.

50.     Defendant, a well known banking institution, in assuming control and responsibility over Class Members' funds pursuant to restraining notices owed a fiduciary duty to Class Members to insure Class Members were not deprived of monies that lawfully belonged to them.

51.     As alleged herein, Defendant routinely breached those fiduciary duties in restraining funds that they had no right to restrain and in unlawfully charging fees to Plaintiffs and Class Members.

52.     As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

53.     Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 52 of this complaint as if fully set forth herein.

54.     Defendant has been unjustly enriched and benefited from the inequitable acts alleged in this Complaint.  Plaintiffs and Class Members have had their funds unlawfully restrained by Defendant, allowing Defendant to continue to use and benefit from those funds.

55.     Defendant has further been unjustly enriched and benefitted by having unlawful fees assessed to Plaintiffs and Class Members and retained by Defendant.

56.     Defendant has reaped profits and revenues resulting from their acts of unlawful conduct.

57.     The sources of Defendants' unlawful profits and revenues are derived from Plaintiffs and Class Members payment of unlawful fees to Defendant and Defendant's unlawful retention of Class Members funds.

58.     It would be inequitable for Defendants to be permitted to retain any of the proceeds derived as a result of this unlawful conduct.

59.     Defendant should be compelled to disgorge into a common fund or constructive trust for the benefit of Plaintiffs and Class Members all proceeds received by them from any unlawful act described in this Complaint which have inured and continue to inure to the unjust enrichment of Defendant.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR NEGLIGENCE

60.     Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 59 of this complaint as if fully set forth herein.

61.     Upon receipt of a restraining notice Defendant owed Class Members a duty to not unlawfully restrain their accounts and to not impose unlawful fees on Class Members.

62.     Defendant acted in a negligent manner and breached its' duty to Plaintiffs and Class Members in unlawfully restraining Class Members' accounts and in imposing unlawful fees on Class Members.

63.    As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR BREACH OF CONTRACT

64.    Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 63 of this complaint as if fully set forth herein.

65.    Upon information and belief, Defendant entered into a contract and/or service agreement with each Plaintiff and each Class Member.

66.    By and between that agreement, Defendant covenanted to abide by all applicable federal and state laws, to retain Plaintiffs' and Class Members' funds for Plaintiffs' and Class Members' use, and not to unlawfully impose fees on Class Members funds.

67.    Defendant breached its agreement with Plaintiffs and Class Members in unlawfully restraining Plaintiffs' and Class Members' funds, in unlawfully imposing fees on Plaintiffs' and Class Members' funds and in failing to provide Plaintiffs and Class Members with statutory notices.

68.    As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

WHEREFORE, Plaintiff demands judgment:

a)    Certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b)    Awarding Plaintiffs and all Class Members compensatory damages on all causes of action;

14

c)      Awarding Plaintiffs and all Class Members statutory, exemplary and punitive damages where permitted;

d)      Permanently enjoining Defendant from continuing to engage in the unlawful and inequitable conduct alleged herein and requiring Defendant to comply with EIPA;

e)      Ordering Defendant to make restitution and/or disgorge into a common fund or a constructive trust all monies paid by Plaintiffs and Class Members to the full extent to which Defendant was unjustly enriched by their unlawful and inequitable conduct alleged herein;

f)  On each of the above causes of action costs, interest, disbursements and legal fees; and

g)  Such other and further relief as this court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues to be determined by a jury.

Dated: New York, New York
       February 14, 2011

                                   Law Offices of G. Oliver Koppell &
                                   Associates

                                   By:_____
                                        G. Oliver Koppell (GK-4851)
                                        Daniel F. Schreck (DS-7680)
                                   99 Park Ave., 3rd Floor
                                   New York, NY 10016
                                   212-867-3838

                                   Charles Juntikka (CJ-4689)
                                   Charles Juntikka & Associates, LLP
                                   350 Fifth Avenue, Suite 2212
                                   New York, New York 10118
                                   (212)315-3755