UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CELINDA ACEVADO and JACQUELINE LOPEZ, individually and on behalf of all others similarly situated,

                        Plaintiffs,

      - against -

CITIBANK, N.A.,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 20, 2013

**MEMORANDUM**
**OPINION & ORDER**

10 Civ. 8030 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      In this putative class action, Plaintiffs Celinda Acevado and Jacqueline Lopez allege that Defendant Citibank, N.A., restrained their bank accounts and charged them fees in violation of New York's Exempt Income Protection Act (the "EIPA") and state common law. In a March 23, 2012 memorandum opinion and order, this Court granted Citibank's Rule 12(b)(6) motion to dismiss the second, third, fourth, fifth, and sixth causes of action in the Amended Complaint. Acevado v. Citibank, N.A., No. 10 Civ. 8030(PGG), 2012 WL 996902, at *10-15 (S.D.N.Y. Mar. 23, 2012) ("Acevado I"). The Court also granted Citibank's motion to dismiss the Amended Complaint's first cause of action to the extent that claim seeks money damages. Id. at *9, *15. Because Citibank's brief did not address whether there is a private right of action under the EIPA for account holders seeking injunctive relief against their bank for alleged EIPA violations, however, the Court denied without prejudice Citibank's motion as to Plaintiffs' first cause of action to the extent that claim seeks injunctive relief. Id. at *9.

      Citibank has now moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking an order dismissing Plaintiffs' remaining claim for injunctive relief. (Dkt. No. 43) For the reasons stated below, Citibank's motion will be granted.

## BACKGROUND[1]

Plaintiffs each maintained an account at one of Citibank's New York City branches. Acevado I, 2012 WL 996902, at *1. Plaintiffs received notices from Citibank advising them that their accounts had been frozen due to a restraining notice and/or levy served on Citibank by non-party judgment creditors. Id. Citibank charged the Plaintiffs administrative fees in connection with placing the restraints on their accounts. Id. Plaintiffs allege that they were unable to access the funds in their accounts as a result of the restraint. Id.

Plaintiffs seek to bring this action on behalf of all Citibank account holders whose accounts were restrained and/or levied upon between January 1, 2009, and the present in violation of the EIPA. Id. As noted above, this Court dismissed all of Plaintiffs' claims except for the first cause of action – alleging violations of the EIPA – to the extent that cause of action seeks injunctive relief. Id. at *15. The Court concluded, inter alia, that the EIPA does not create a private cause of action for money damages. Id. at *5-9.

## DISCUSSION

### I.  LEGAL STANDARD

In deciding a Rule 12(c) motion, courts apply the same standard applicable to a motion to dismiss under Rule 12(b)(6). Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). To meet this standard, a complaint's factual allegations must permit the Court, "draw[ing] on its judicial experience and common sense[,]" "to infer more than the mere possibility of

---

[1] Familiarity with the facts of this case, as set forth in Acevado I, 2012 WL 996902, at *1, is presumed, and only those facts relevant to the instant motion are set forth here.

misconduct." Id. at 679.  "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).  However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678.

## II.   STATUTORY SCHEME

As described more fully in Acevado I, the EIPA amends Article 52 of the N.Y. CPLR, which governs the enforcement and collection of money judgments in New York courts. N.Y. CPLR § 5201 et seq.  Pursuant to CPLR § 5222-a, a judgment creditor is required to serve the bank where a judgment debtor's account is held with a restraining notice, exemption notice, and exemption claim forms.  CPLR § 5222-a(b)(1).  CPLR § 5222-a further provides that "[w]ithin two business days after receipt of the restraining notice or execution, exemption notice and exemption claim forms, the banking institution shall serve upon the judgment debtor the copy of the restraining notice, the exemption notice and two exemption claim forms."  CPLR § 5222-a(b)(3).  However, "[t]he inadvertent failure by a depository institution to provide the notice required by this subdivision shall not give rise to liability on the part of the depository institution."  Id.

Article 52 sets forth procedures to resolve disputes that arise under it.  CPLR § 5239 provides that,

> [p]rior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt. . . . The court may vacate the

> execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded.

CPLR § 5239.  Furthermore, CPLR § 5240 allows the court, "on its own initiative or the motion of any interested person," to "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."  The "special proceeding" takes place in a New York court that has competent jurisdiction and is familiar with the underlying judgment.  CPLR § 5221.

CPLR § 5222-a provides that "[n]othing in this section shall in any way restrict the rights and remedies otherwise available to a judgment debtor, including but not limited to, rights to property exemptions under federal and state law."  CPLR § 5222-a(h).

### III.  ANALYSIS

Citibank contends that in Acevado I, "this Court held that the EIPA does not confer upon Plaintiffs a private right of action against Citibank[,]" and "[t]hat determination disposes of any claim for injunctive relief," because "in the absence of a legally cognizable claim[,] injunctive relief is unavailable."  (Def. Br. 6)  Citibank misapprehends Acevado I.  There, the Court held that "there is no express or implied private right of action under the EIPA permitting an account holder to sue his or her bank <u>for money damages</u> related to alleged EIPA violations."  Acevado I, 2012 WL 996902, at *9 (emphasis added).  The Court did not reach the question of whether the EIPA provides a private right of action against garnishee banks for injunctive relief, in part because Citibank had not briefed the issue.  Id.

The parties have now addressed this issue in connection with Citibank's motion for judgment on the pleadings.  Having considered the briefing and all the proceedings in this matter, this Court concludes that the EIPA does not confer a private right of action for injunctive relief against garnishee banks.

### A. The EIPA Does Not Create an Express Private Right of Action for Injunctive Relief

In contending that "the text of the [EIPA] . . . support[s] a finding that an action for injunctive relief to prevent ongoing EIPA violations exists" (Pltfs. Br. 6), Plaintiffs repeat arguments that other courts have rejected. See, e.g., Martinez v. Capital One, N.A., 863 F. Supp. 2d 256, 262 (S.D.N.Y. 2012) ("To state the obvious, no language in [the] EIPA specifically creates a right for a judgment debtor to sue a garnishee bank.") Plaintiffs cannot point to any language in the EIPA that creates a private right of action to sue a garnishee bank for injunctive relief. Instead, Plaintiffs argue that such a ruling would not be inconsistent with remedies that exist under other provisions of the CPLR. (Pltfs. Br. 6-8) As discussed below, the fact that depositors may have remedies under other provisions of the CPLR does not support, but rather, undermines, Plaintiffs' argument that there is a private right of action under the EIPA to sue garnishee banks for injunctive relief. The Court concludes that the EIPA does not create an express private right of action to sue garnishee banks for injunctive relief. See id. at 263 ("emphatically reject[ing any] assertion that [the] EIPA creates an 'express private right of action' on behalf of judgment creditors against banks").

### B. The EIPA Does Not Create an Implied Private Right of Action for Injunctive Relief

"[W]here a statute does not expressly establish a private right of action, as in this case, a court may look to the overall structure of the legislation to determine if a private right of action should nevertheless be implied." Id. Under New York law, "the essential factors [for a court] to . . . consider[] [in resolving this issue] are: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be

5

consistent with the legislative scheme." Sheehy v. Big Flats Cmty. Day, Inc., 73 N.Y.2d 629, 633-34 (1989). Of these factors, the third is the most important. Brian Hoxie's Painting Co. v. Cato-Meridian Cent. Sch. Dist., 76 N.Y.2d 207, 212 (1990).

In arguing that the EIPA creates an implied private right of action for injunctive relief, Plaintiffs repeat negative implication and misplaced expressio unius est exclusio alterius arguments that this Court and other courts have repeatedly rejected. Plaintiffs contend that CPLR § 5222-a(b)(3), which immunizes banks from "liability" for inadvertent failures to provide the required notices under the EIPA, creates an implied private right of action to sue garnishee banks for injunctive relief. (Pltfs. Br. 9) According to Plaintiffs, "[t]here is no reason for the legislature to make this specific exclusion from the statute if actions and remedies other than those for 'liability' are not to be permitted." (Id.)

There are several flaws in this argument. As an initial matter, Plaintiffs assume without basis that "liability" and "money damages" are synonymous. As a general matter, of course, a finding of "liability" may lead to injunctive relief.[2] Moreover, in arguing that the EIPA's explicit prohibition against suits premised on inadvertent failures to provide the required notices under the EIPA creates other rights to sue garnishee banks, Plaintiffs are simply repeating another version of the erroneous expressio unius argument that has previously been rejected by this Court and others in this District. See Acevado I, 2012 WL 996902, at *6 ("'Properly invoked, expressio unius prevents expanding an enumerated list of items or exceptions; it does not create new substantive rights by negative inference.'") (quoting Cruz v. TD Bank, N.A., No. 10 Civ. 8062(PKC), 2012 WL 694267, at *8 (S.D.N.Y. Mar. 2, 2012));

---

[2] See, e.g., Tide Natural Gas Storage I, L.P. v. Falcon Gas Storage Co., Inc., No. 10 CV 5821, 2012 WL 1571412, at *4 (S.D.N.Y. May 4, 2012) (noting that "[i]f [Plaintiff's] claims are ultimately successful and [Plaintiff] can establish Defendants' liability, at that point [Plaintiff] could request a permanent injunction").

6

Martinez, 863 F. Supp. 2d at 262 ("[T]he <u>expressio unius</u> canon does not support creating new substantive rights – including the creation of a new private right of action – by negative inference.") Accordingly, Plaintiffs' negative inference and <u>expressio unius</u> arguments are unavailing.

Plaintiffs also point to CPLR § 5522-a(h), which states that "[n]othing in [the EIPA] shall in any way restrict the rights and remedies otherwise available to a judgment debtor." (Pltfs. Br. 6)  This provision does not suggest that the EIPA creates an implied private right of action against garnishee banks for injunctive relief, however.  As Judge Sullivan has explained:

> By the plain language of this provision, the rights of a judgment debtor are neither enlarged nor diminished. Put simply, this section does not purport to impose liability on a garnishee bank; rather, this section ensures that no other provision in § 5222–a will limit the remedies <u>otherwise available</u>.

<u>Martinez</u>, 863 F. Supp. 2d at 263 (emphasis in original).

Moreover, the existence of other remedies undermines rather than supports Plaintiffs' argument that there is an implied private right of action under the EIPA to sue garnishee banks for injunctive relief:

> In addressing th[e] question [of whether a private right of action under the EIPA would be consistent with New York state's overall legislative scheme], courts have recognized that a private right of action may be implied if there are no enforcement mechanisms or express remedies available, such that without an implied private cause of action, plaintiffs would have no remedy [for] the legislatively recognized harm. <u>See</u>, <u>e.g.</u>, <u>Molinari v. Bloomberg</u>, 596 F. Supp. 2d 546, 579 (E.D.N.Y. 2009); <u>M.K.B. v. Eggleston</u>, 445 F. Supp. 2d 400, 429 (S.D.N.Y. 2006).  However, "[w]here the Legislature has not been completely silent but has instead made express provision for civil remedy, albeit a narrower remedy than the plaintiff might wish, the courts should ordinarily not attempt to fashion a different remedy, with broader coverage." <u>Sheehy</u>, 73 N.Y.2d at 636; <u>see also</u> <u>Mark G. v. Sabol</u>, 93 N.Y.2d 710, 720-21, 695 (N.Y. 1999) (declining to imply a private right of action in welfare legislation because "it would be inappropriate . . . to find another enforcement mechanism beyond the statute's already 'comprehensive' scheme").

7

> Here, it can hardly be argued that the legislature has been silent with respect to civil remedies available under [the] EIPA. Significantly, CPLR § 5239 permits "any interested person" to commence a special proceeding against a creditor "or other person with whom a dispute exists" to determine competing rights to property "[p]rior to application of property or debt . . . to the satisfaction of a judgment." Moreover, CPLR § 5240 permits "[t]he court . . . at any time, on its own initiative or the motion of any interested person, [to] make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." Furthermore, as Judge Castel observed [in <u>Cruz</u>], CPLR § 5225(b) allows a "special proceeding" by a creditor against a garnishee to retrieve property, requiring that the judgment debtor be served with notice of the proceeding and allowing a court to permit the judgment debtor to intervene in the proceeding. In addition, CPLR § 5227 permits a creditor to commence a special proceeding against "any person" who "is or will become indebted to the judgment debtor" to pay the creditor a debt owed to the creditor. In the "special proceeding" contemplated under CPLR § 5227, notice must be given to the judgment debtor, and the debtor is permitted to intervene. Under CPLR § 5221(a), the "special proceedings" are intended to take place in courts that are familiar with the underlying judgments. <u>See</u> N.Y. C.P.L.R. § 5221(a). <u>Cf.</u> <u>Johnson v. Chem. Bank</u>, No. 96 Civ. 4262(SS), 1996 WL 706893, at *4 (S.D.N.Y. Dec. 9, 1996) (Sotomayor, J.) (observing that, in bringing an action in federal court, plaintiff brought suit "in the wrong court").

<u>Martinez</u>, 863 F. Supp. 2d at 263-64. Accordingly, finding that the EIPA creates an implied private right of action for injunctive relief would not be "wholly consistent with the legislative scheme of Article 52" as Plaintiffs argue (Pltfs. Br. 9), but rather would interfere with the remedial scheme the legislature put in place.

Finally, Plaintiffs contend that the legislative history of the EIPA supports their argument that the EIPA creates an implied private right of action for injunctive relief. (Pltfs. Br. 9-11) Plaintiffs point out that banks initially opposed the EIPA, but changed their position after the "safe harbor" provision was added protecting banks from liability for inadvertent failures to provide the required notices. (Pltfs. Br. 9-10 (citing CPLR § 5222-a(b)(3)). Plaintiffs reason that banks' acceptance of the legislation after the "safe harbor" provision was added demonstrates that "[a]ll parties recognized that liability for EIPA violations could attach to

8

banks." (Id. at 10)  The "safe harbor" amendment supports no such inference.  All that can be fairly inferred from banks' support of this amendment is that they favored addition of a provision that expressly protected them from liability for inadvertent violations of the EIPA's notice provisions.

Plaintiffs also cite to Conn. Gen. Stat. 52-367b(n) (2009), a model for the EIPA. That statute expressly provides judgment debtors with a private right of action against banks. (Pltfs. Br. 10)  Plaintiffs argue that the Connecticut statute provides only a limited remedy that "is less comprehensive that what was already available to New York accountholders under CPLR [§] 5239 and common law . . . , [so] there was no reason to include a similar provision within [the] EIPA." (Id.)  Plaintiffs appear to argue that – because the New York legislature chose not to include language from the Connecticut statute expressly providing for a private right of action – that decision somehow indicates that an implied private right of action exists under the EIPA.  To the contrary, New York's decision not to include the cited language from the Connecticut statute "suggests a 'conscious variance' designed to reflect that the 'Legislature did not wish to create the same remedy against banks that Connecticut did.'"  Martinez, 863 F. Supp. 2d at 265 (quoting Cruz, 2012 WL 694267, at *10).

Similarly, Plaintiffs point to a California statute, Cal. C.C.P. § 700.140(d), which also served as a model for the EIPA, and which expressly prohibits a private right of action against banks.  (Pltfs. Br. 10-11)  Plaintiffs argue that the New York legislature's decision not to include this prohibition suggests that it "did not intend to insulate banks from liability for EIPA violations." (Pltfs. Br. 11)  Under New York law, however, the most important factor in determining the existence of an implied right is "whether creation of such a right would be consistent with the legislative scheme."  Sheehy, 73 N.Y.2d at 633-34; Brian Hoxie's Painting

Co., 76 N.Y.2d at 212.  While the EIPA does not expressly prohibit a private right of action against garnishee banks for injunctive relief, the Court will not infer such a right because, as discussed above, such a finding would be inconsistent with the legislative scheme.

Finally, Plaintiffs argue that "[i]f no injunctive remedy were permitted in this action, then there would be no way to combat [Citibank's] unlawful systemic failure to comply with [the] EIPA."  (Pltfs. Br. 11)  As Judge Sullivan explained, this argument is unavailing given the remedies available to judgment debtors outlined above.  See Martinez, 863 F. Supp. 2d at 264 (citing cases).  Indeed, Plaintiffs' argument that they are without remedy flatly contradicts other statements in their brief in which they acknowledge that "[t]he right to bring an action to seek injunctive relief to enforce compliance with Article 52 is an established right and remedy available to a judgment debtor" under CPLR §§ 5239 and 5240.  (Pltfs. Br. 6-7)

"Given the enforcement procedures and remedies available under Article 52, as well as the overall purpose of the legislation and legislative history, the . . . EIPA does not carry with it a private right of action," either for money damages or injunctive relief.  Martinez, 863 F. Supp. 2d at 265.

## CONCLUSION

For the reasons stated above, Citbank's motion for judgment on the pleadings is GRANTED. The Clerk of the Court is directed to terminate the motion (Dkt. No. 43) and to close this case.

Dated: New York, New York
       March 20, 2013

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge