UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CELINDA ACEVADO and JACQUELINE LOPEZ,
Individually and on behalf of all others similarly situated,

                         Plaintiffs,

                                                  Case No. 10-cv-08030 (PGG)

      -against-

CITIBANK, N.A.,

                         Defendant.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

                                                  Law Offices of G. Oliver Koppell & Associates
                                                  Attorneys for Plaintiffs
                                                  99 Park Ave., Suite 1100
                                                  New York, New York 10016
                                                  212-867-3838

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| Table of Contents | | ii |
| Table of Authorities | | iii |
| Preliminary Statement | | 1 |
| Argument | | 1 |
| I. | Plaintiffs' Motion to Amend Should Be Granted | 1 |
| II. | Plaintiffs Have Adequately Pled that the CAFA Threshold Has Been Met | 2 |
| Conclusion | | 5 |

# **TABLE OF AUTHORITIES**

| Federal Cases | Page |
|---|---|
| Acevado v. Citibank, N.A., 2012 WL 996902 (S.D.N.Y. March 23, 2012) | 2 |
| Anwar v. Fairfield Greenwich Ltd., 2009 WL 1181278 (S.D.N.Y. May 1, 2009) | 5 |
| Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co., 592 F.Supp.2d 522 (S.D.N.Y. 2008). | 4 |
| Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2d Cir. 2006) | 4 |
| Caudle v. Towers, Perrin, Forster & Crosby, Inc., 58 F.Supp.2d 273 (S.D.N.Y. 2008) | 4 |
| Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co., 93 F.3d 1064 (2d Cir. 1996) | 3 |
| Preira v. Bancorp Bank, 885 F.Supp.2d 672 (S.D.N.Y. 2012) | 5 |
| Stengel v. Black, 2004 WL 1933612 (S.D.N.Y. Aug. 30, 2004) | 2 |
| Ventimiglia v. Tishman Speyer Archstone-Smith Westbury, L.P., 588 F.Supp.2d 329 (E.D.N.Y. 2008) | 4 |

| State Case | |
|---|---|
| Cruz v. TD Bank, N.A., 22 N.Y.3d 61, --- N.E.2d ---- (2013) | 1 |

| Federal Satutes | |
|---|---|
| Fed.R.Civ.P. 15(a)(2) | 1, 5 |
| 28 U.S.C. §1332(d)(2) | 2 |

Preliminary Statement

Plaintiffs Celinda Acevado and Jacqueline Lopez, individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully submit this Memorandum of Law in support of their renewed motion pursuant to Fed.R.Civ.P. 15(a)(2) for leave to file a Second Amended Complaint against defendant Citibank, N.A. (the "Bank"). See Koppell Ex. 1.

In its March 13, 2015 Memorandum Opinion and Order (Dckt. No. 81), this Court granted Plaintiffs leave to submit a renewed motion for leave to file as Second Amended Complaint as long as such Complaint complies with damages limitations imposed by this Court, based on the decision of the Court of Appeals in *Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, --- N.E.2d ---- (2013). Plaintiffs proposed Second Amended Complaint conforms with those limitations and, pursuant to Rule 15(a)(2) which states that "[t]he court should freely give leave (to amend a complaint) when justice so requires," Plaintiffs motion must be granted.

With respect to this Court's concern as to Plaintiffs' ability to satisfy the Class Action Fairness Act ("CAFA") threshold, based on the evidence adduced to date it cannot be said to a legal certainty that the CAFA threshold cannot be met. The self-serving declaration of the Bank's employee is both out of date and has no indicia of reliability. It also does not address Plaintiffs' entitlement to compensation for several other categories of damages. At minimum, this Court should direct discovery into the CAFA threshold issue.

Argument

I.   Plaintiffs' Motion to Amend Should Be Granted

The proposed Second Amended Complaint cures the only defects found by the Court in the prior proposed Second Amended Complaint. Consistent with this Court's orders, Plaintiffs have limited the categories of damages sought from the Bank. With respect to the proposed

1

5239 Class, Plaintiffs have limited the damages sought to a release of any moneys unlawfully restrained in violation of EIPA, and a refund of any fees improperly charged by the Bank in violation of EIPA. On behalf of the 5239 Class, Plaintiffs further seek an injunction enjoining the Bank from transferring any of the 5239 Classes' moneys that have been unlawfully restrained by the Bank in violation of EIPA. With respect to the 5240 Class, Plaintiffs seek a refund of any fees improperly charged by the Defendant in violation of EIPA. While Plaintiffs respectfully disagree with these limitations on damages and respectfully reserve their right to appeal this issue, the proposed Second Amended Complaint accompanying this motion conforms to the damages limitations imposed by this Court and as such should be accepted for filing.

II.     Plaintiffs Have Adequately Pled that the CAFA Threshold Has Been Met

In its recent opinion of March 13, 2015, this Court directed Plaintiffs to address "the basis for this Court's subject matter jurisdiction. Citibank has previously represented that the aggregate fees it assessed account holders amount to no more than $1,103,875, see Acevado, 2012 WL 996902, at *3, far less than the $5 million threshold set forth in the Class Action Fairness Act, 28 U.S.C. §1332(d)(2)." A review of the facts herein, and the flawed methodology used to establish the approximately one million dollar figure, render it inappropriate to deny leave to replead based on the CAFA threshold. At minimum, discovery should be conducted to resolve this issue.

This Court previously addressed the CAFA threshold issue in *Acevado v. Citibank, N.A.*, 2012 WL 996902, at *2-3 (S.D.N.Y. March 23, 2012). Is this Court stated there, a complaint cannot be dismissed based on the CAFA threshold issue unless it can be stated with "legal certainty" that the amount cannot be recovered. *Id*. at *2. *See also Stengel v. Black,* 2004 WL 1933612, at *1 (S.D.N.Y. Aug. 30, 2004). Any uncertainty as to whether the threshold has been

met must be resolved in favor of the subjective good faith of the plaintiffs.  *Id*. citing *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co.,* 93 F.3d 1064, 1070 (2d Cir. 1996).  The declaration submitted by the Bank in support of its one million dollar figure (the Declaration of Polly A. Wagner (Dckt. No. 19)) leaves a great deal of legal uncertainty as the amount in question.

First, the one million dollar figure is based on an assumed amount of bank fees culled from data for the years 2009 and 2010.  More than four full years have passed since that time.  It is therefore logical to conclude that substantially more bank fees have been imposed for restraints in violation of the law.  It is likely that the amount of improperly charged fees is many times the four year old estimate.

Second, the approximately one million dollar figure is based on an unscientific sampling methodology devised by Ms. Wagner.  Ms. Wagner offers no basis to conclude that her methodology of selecting four hundred restraints out of the more than ten thousand restraints with hits (customer accounts) received by the Bank (in order to determine the overall percentage of New York restraints among all restraints received by Defendant in the years 2009 and 2010) has any foundation or validity.  Such statistical sampling by a legal support manager, without any basis for her methodology, nor any indication that such methodology is appropriate, should be given little weight.

Third, Ms. Wagner's declaration fails to include the other categories of damages permitted by the Court of Appeals.  Her figure does not include any monies unlawfully restrained by the Bank and still being held by the Bank, which can be substantial.  The Wagner Declaration estimates that in the years 2009 and 2010 there were approximately 8,831 New York restraints.  Dckt. No.19 ¶10.  In the four full calendar years that have elapsed since that time, it is reasonable

3

to assume this amount has at least doubled.  Assuming 26,493 unlawful restraints of $1716 (the lowest exempt amount), the Bank unlawfully restrained amounts in excess of forty five million dollars.  While the Bank may dispute both the number of unlawful restraints and the amounts restrained, even if just 11% of the funds were unlawfully restrained, the CAFA threshold is more than met.

Fourth, Ms. Wagner's figure also does not ascribe a value to the injunctive relief sought by Plaintiffs.  Where, as here, the Plaintiffs also seek non-monetary relief, the amount in controversy is measured by the value of the object of the litigation.  *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F.Supp.2d 522, 527 (S.D.N.Y. 2008).  In the proposed Second Amended Complaint Plaintiffs seek an injunction enjoining the Bank from transferring any of the 5239 Classes' moneys that have been unlawfully restrained by the Bank in violation of EIPA.  This too adds substantial value to Plaintiffs' claim as the cost of providing Plaintiffs with the injunctive relief, should also be factored into whether the CAFA monetary threshold has been met.  *Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 58 F.Supp.2d 273, 278 (S.D.N.Y. 2008) (cost of credit monitoring calculated as part of CAFA threshold).

Based on the foregoing, it is respectfully submitted that there is a reasonable probability that the CAFA threshold has been satisfied.  Where a court can conclude based on the evidence and pleadings that there is a reasonable probability that the minimum CAFA threshold can be met, maintaining federal jurisdiction is appropriate.  *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 58 (2d Cir. 2006); *Ava Acupuncture P.C.*, 592 F.Supp.2d at 527; *Ventimiglia v. Tishman Speyer Archstone-Smith Westbury, L.P.*, 588 F.Supp.2d 329, 335 (E.D.N.Y. 2008).  To the extent that this Court believes that Plaintiffs' ability to satisfy the CAFA threshold is questionable, Plaintiffs respectfully request that the Court order discovery into the issue.  *Preira v. Bancorp Bank*, 885

F.Supp.2d 672, 679 n.5 (S.D.N.Y. 2012); *Anwar v. Fairfield Greenwich Ltd.*, 2009 WL 1181278, at *2-4 (S.D.N.Y. May 1, 2009).

## Conclusion

Wherefore Plaintiffs respectfully request that their renewed motion pursuant to Fed.R.Civ.P. 15(a)(2) be granted in all respects and the Second Amended Complaint be deemed filed.

Dated: New York, New York
April 2, 2015

                                                                  Law Offices of G. Oliver Koppell & Associates

                                                                  By:_____/s/_____
G. Oliver Koppell (GOK-4851)
Daniel F. Schreck (DS-7680)
*Attorneys for Plaintiffs*
99 Park Ave., Suite 1100
New York, New York 10016
(212) 867-3838

Charles Juntikka (CJ-4689)
Charles Juntikka & Associates, LLP
350 Fifth Avenue, Suite 2212
New York, New York 10118
(212) 315-3755

5