# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889
––––––––––
103 EISENHOWER PARKWAY
ROSELAND, NJ -07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5358
tdavis@zeklaw.com

October 7, 2015

**BY ECF**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Room 2204
New York, New York 10007

Re:   **Acevado, et al v. Citibank, N.A.**
      **Case No. 10 CV 8030 (PGG)**

Dear Judge Gardephe:

We are counsel for defendant Citibank, N.A. ("Citibank"). Plaintiffs have filed their Second Amended Complaint in accordance with the Court's order of September 16, 2015. We write pursuant to Rule 4 of Your Honor's Individual Rules of Practice to inform the Court that for reasons set forth more fully below, we wish to file a motion to dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(1) and 28 U.S.C. Section 1332(d)(2) or in the alternative for summary judgment pursuant to Rule 56. Additionally we wish to move to compel arbitration.

The gravamen of Plaintiffs' Second Amended Complaint is that Citibank has not complied with the New York Exempt Income Protection Act ("EIPA") in restraining plaintiffs' accounts, and those of a putative class, and that any fees allegedly

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul G. Gardephe
October 7, 2015
Page 2

charged by Citibank in connection with restraining their accounts are therefore improper. Plaintiffs allege that other natural persons similarly situated have also had their accounts restrained and processing fees improperly debited by Citibank in violation of CPLR 5222. Plaintiffs have limited the relief sought in their operative Complaint to (i) a release of any funds improperly restrained, (ii) an injunction to prevent Citibank delivering account holders' funds to judgment creditors, and (iii) a refund of any and all fees that Plaintiffs allege have been improperly charged by Citibank.

Plaintiffs aver that this Court has subject matter jurisdiction over this action on a class basis pursuant to 28 U.S.C. § 1332(a) and (d) as "upon information and belief, the damages of the Classes exceed $5,000,000 in the aggregate." Second Amended Complaint ¶ 6. "[S]ubject-matter jurisdiction cannot be waived[,] and the issue can be raised at any time in the course of litigation." Tongkook Am. v. Shipton Sportswear Co., 14 F.3d 781, 786 (2d Cir. 1994) (citing Fed. R. Civ. P. 12(h)(3)). The Class Action Fairness Act ("CAFA"), under specified circumstances, permits subject matter jurisdiction over a putative class action where the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d) (2). Under CAFA, as with other actions, "[t]he party asserting federal jurisdiction [bares] the burden of proving that the case [is] properly in federal court." DiTolla v. Doral Dental IPA of N.Y., LLC, 469 F.3d 271, 275 (2d Cir. 2006). "It has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" Grupo Dataflux

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul G. Gardephe
October 7, 2015
Page 3

v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) *citing* Mollan v. Torrance, 22 U.S.
537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824).

Plaintiffs commenced this action on October 21, 2010 by the filing of the
original complaint. See Doc. # 1. Plaintiffs are thus limited to the amount of the
controversy at that time and may not seek to impose subject matter jurisdiction based on
fees charged later. Citibank previously made a motion to dismiss the first Amended
Complaint on the basis that this Court lacks subject matter jurisdiction. Citibank supported
its motion with the declaration of its Deputy Manager of Legal Support, who explained the
methodology used. See Doc. # 19. Citibank sampled restraints effected nationwide since
January 2009, indicating that approximately 8,831 New York restraints were effected
pursuant to CPLR § 5222, resulting in aggregate fees assessed of no more than $1,103,875.
A more recent review was conducted by Citibank since the Court issued its March 13,
2015 order directing Plaintiffs to address subject matter jurisdiction. It now appears that
the number of restraints effected under the EIPA during the relevant period are fewer and
the fees assessed for those restraints even less than previously thought. This is because the
prior calculation included other kinds of executions and restraints such as tax levies which
are not covered by the EIPA. Thus the amount in controversy is likely to be significantly
less than the prior sampling reflected.

Moreover, there is no merit to Plaintiffs' claims. Citibank vigorously
denies any allegation that it violated CPLR 5222 and CPLR 5222-a, and will establish that

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul G. Gardephe
October 7, 2015
Page 4

it has complied with this statute in processing the restraining notice served by Plaintiffs'

judgment creditors and providing account holders access to exempt funds.   A simple

review of Plaintiffs' account documents demonstrates that Citibank has, at all times

comported with CPLR 5222 with respect to Plaintiffs.

Finally, Plaintiffs' claims are subject to binding arbitration and thus

Citibank intends to move to compel arbitration.

Respectfully submitted,

Tracee E. Davis

cc:     All counsel by ECF