## *LAW OFFICES OF G. OLIVER KOPPELL & ASSOCIATES*
*99 Park Avenue – Suite 1100*
*New York, NY 10016*
*212-867-3838*

| G. Oliver Koppell | Facsimile | Of Counsel |
|---|---|---|
| | (212) 681-0810 | Lorraine Coyle |
| Daniel F. Schreck | | Ruth Jin |
| | Website: | |
| | www.koppellaw.com | |

October 12, 2015

**VIA ECF & REGULAR MAIL**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

        Re:    Acevado v. Citibank, N.A.
                Case No. 10-cv-08030

Dear Judge Gardephe,

      We represent the Plaintiffs and the putative class in the above captioned action. We write in response to Defendant's October 7, 2015 letter to the Court requesting a pre-motion conference for Defendant's proposed motion to dismiss, motion for summary judgment or motion to compel arbitration.

      Defendant has had multiple prior opportunities to raise jurisdictional issues, or move to compel arbitration prior to this juncture. After this matter was remanded to this Court by the Second Circuit, Plaintiff filed a motion for leave to file a Second Amended Complaint. Dckt. # 73. In opposition to that motion, Defendant raised neither of these issues though it could have in support of its futility arguments. Dckt. No. 78, When the Court denied Plaintiffs' motion in a Memorandum Opinion and Order, it granted Plaintiffs leave to replead, but directed that if Plaintiffs did so move that they address the issue of the CAFA threshold. Dckt. No. 81.

      Plaintiffs subsequently moved to replead, Dckt. No. 84, and addressed the CAFA threshold in their papers. Dckt. No. 86. Defendants did not offer any opposition to that second motion, Dckt. No. 88, and it was granted by this Court. Dckt. No. 89. While these issues were raised in Defendants' first motion to dismiss filed in April, 2011, Dckt. No. 14, by not raising them in the years since, despite having had multiple prior opportunities to do so, they should not be allowed to do so at this moment, particularly now that the parties are on the verge of setting a discovery schedule.

Indeed, discovery is the best method to fully and fairly ascertain whether or not the case meets the CAFA threshold. *Preira v. Bancorp Bank*, 885 F.Supp.2d 672, 679 n.5 (S.D.N.Y. 2012); *Anwar v. Fairfield Greenwich Ltd.*, 2009 WL 1181278, at *2-4 (S.D.N.Y. May 1, 2009). Plaintiffs should not have to rely on the Defendant's methodology of calculating their damages, but should be allowed to conduct discovery on the CAFA threshold issue. This is particularly true insofar as the methodology used to calculate damages by the Defendant has been deeply flawed, failing to account for categories of damages. See Dckt. No. 86.

This same argument holds true in response to Defendant's claim that they adhered to the requirements of EIPA. They should not be allowed to make a motion for summary judgment absent any discovery. Any such motion would be opposed pursuant to Rule 56(d).

With respect to Defendant's stated motion to compel arbitration, Defendant's failure to raise this argument prior to this point should be deemed a waiver of the argument and it should not be entertained. *See e.g. Louisiana Stadium & Exposition Dist. V. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 620 F.3d 156 (2d Cir. 2010). Moreover, for the reasons set forth previously, Dckt. No. 23, there is no arbitration clause with respect to Plaintiff Acevado and, with respect to the other Plaintiff Lopez and others similarly situated, that arbitration clause is unenforceable in light of the Second Circuit's decision in *In re Am. Express Merchants' Litig.*, 554 F.3d 300, 304 (2nd Cir. 2009), and reaffirmed in *In re American Express Merchants' Litigation* 634 F.3d 187 (2nd Cir. 2011).

We respectfully request that Defendant's request for a pre-motion conference be denied, and that permission to file the motion at this juncture be denied as well.

Respectfully submitted,

G. Oliver Koppell

Cc:   Counsel of Record (VIA ECF)