ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889
_____

103 EISENHOWER PARKWAY
ROSELAND, NJ -07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5358
tdavis@zeklaw.com

October 19, 2015

**BY ECF**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Room 2204
New York, New York 10007

Re:     **Acevado, et al v. Citibank, N.A.**
        **Case No. 10 CV 8030 (PGG)**

Dear Judge Gardephe:

We are counsel for defendant Citibank, N.A. ("Citibank").  We write to respond to Plaintiffs' October 12, 2015 letter opposing Citibank's request for a pre-motion conference.  See Doc. # 94.  Our purpose is simply to correct the Plaintiffs' misrepresentation of the procedural history of this case

A.      **Citibank has argued since 2010 that the amount in controversy does not meet the CAFA threshold and that any dispute is subject to binding arbitration**

By their letter Plaintiffs attempt to portray Citibank as having unreasonably delayed in interposing the defenses of lack of subject matter jurisdiction and arbitrability. Plaintiffs' argument that "Defendant has had multiple prior opportunities to raise jurisdictional issues, or move to compel arbitration" incorrectly suggest that this is the first

#830191/5015.345

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul G. Gardephe
October 19, 2015
Page 2

first time Citibank raised these issues.  Plaintiffs conveniently ignore that both issues were

raised head-on early in the action.   Citibank's December 30, 2010 pre-motion letter

notified this Court and Plaintiffs of Citibank's intent to file a motion to dismiss on the

basis of, inter alia, lack of subject matter jurisdiction.  Plaintiffs similarly ignore Citibank's

February 25, 2011 pre-motion letter in which Citibank notified this Court and Plaintiffs of

its intent to file a motion (i) to dismiss based on lack of subject matter jurisdiction and

(ii) seeking to compel arbitration.   Lastly and even more egregious Plaintiffs ignore

Citibank's subsequent motion to dismiss which asserted both of these grounds.  See Doc.

# 11, 14-20, 28-31.

As Your Honor may recall Citibank's motion was partially granted by

order dated March 23, 2012 dismissing the Amended Complaint to the extent it asserted

common law causes of action and sought monetary damages.  See Doc. # 34.[1]  The Court

then invited the parties to address whether equitable relief was also barred and the

Amended Complaint was subsequently dismissed in its entirety by order dated March 20,

2013. See Doc. # 49

---

[1]  The Court accepted Citibank's argument and evidence that subject matter jurisdiction did not exist but as
"Plaintiffs seek more in the Amended Complaint than simply the return of fees, however" … "the Court
cannot say to a "legal certainty" that the amount in controversy is less than $5,000,000" and denied that
portion of Citibank's motion to dismiss based on lack of subject matter jurisdiction.  The Court noted that
"in addition to compensatory damages, Plaintiffs seek 'statutory, exemplary and punitive damages' and an
injunction '[p]ermanently enjoining [Citibank] from continuing to engage in the unlawful and inequitable
conduct alleged herein and requiring [Citibank] to comply with [the] EIPA.'"  See Doc. # 34, pp 5-6.  The
Second Amended Complaint does not seek such broad relief.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul G. Gardephe
October 19, 2015
Page 3

Moreover it was not until September 22, 2015 that Plaintiffs finally filed its

Second Amended Complaint.  Between March 20, 2013 and September 22, 2015, Citibank

simply had no complaint to address.

**B.      Limited discovery is not warranted**

Equally there is no basis to afford Plaintiffs discovery on the subject matter

jurisdiction issue.  While Plaintiffs do not indicate what discovery they would seek, there

is little doubt that it would be time-consuming and is unnecessary.  When this Court last

reviewed Citibank's submissions on the amount in controversy it denied that portion of

Citibank's motion to dismiss based on lack of subject matter jurisdiction because the

extant complaint sought statutory, exemplary and punitive damages as well as broad

injunctive relief.  Plaintiffs no longer seek such relief.  The relief potentially available to a

putative class member is limited to the return of a fee which was at most $125.  Thus even

if class action treatment were granted, as demonstrated in the previous motion the

minimum threshold of $5,000,000 under CAFA is simply beyond any amount that could

be recovered.

**C.      Citibank has sought to compel arbitration since
          2010 and certainly has not "waived" arbitration**

Plaintiffs argue that Citibank's "failure to raise this argument [arbitration]

prior to this point should be deemed a waiver of this argument and it should not be

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul G. Gardephe
October 19, 2015
Page 4

entertained." As noted above, Citibank sought to compel arbitration since its letter-request

and a motion to compel arbitration in early 2011. See Doc. # 11, 14-20, 28-31.

The passage of time and any ensuing activity in this case is by virtue of

Plaintiffs' refusal to present a pleading alleging a cognizable claim since the dismissal of

the Amended Complaint in March of 2013 after which Plaintiffs filed the Second

Amended Complaint on September 22, 2015.[2] Plaintiffs rely upon one case to assert

waiver, however that case is inapposite. There it was the plaintiffs who changed course

after litigating at length and plaintiffs moved to compel arbitration when the case appeared

to be at risk of dismissal. See La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce,

Fenner & Smith Inc., 626 F.3d 156, 158 (2d Cir. 2010). That is clearly not the case here.

Moreover Citibank's basis to compel arbitration as against plaintiff

Acevado is based in part on new facts.  In April, 2015  Plaintiff Acevado entered into a

new arbitration agreement with Citibank agreeing to arbitrate any claim or dispute between

the parties, "and agreed [] that the arbitration of such claims must proceed on an individual

(non-class, non-representative) basis."

---

[2] While Citibank argued that prior amended complaints were futile, the Court previously determined that submission of declarations in opposition a motion to interpose an amended complaint was "improper." See Doc # 81, p. 15, N 6.  Thus there was no complaint against Citibank and Citibank could not have argued for arbitration in opposition to interpose an amended complaint.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Paul G. Gardephe
October 19, 2015
Page 5

Finally, Plaintiffs argue that the arbitration clauses at issue are unenforceable, citing Nat'l Supermarkets Assoc. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.), 634 F.3d 187, 196 (2d Cir. 2011), however this decision was reversed by the U.S. Supreme Court in Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2312, 186 L. Ed. 2d 417 (2013) as recognized by the Second Circuit in Sutherland v. Ernst & Young LLP, 726 F.3d 290, 293 (2d Cir. 2013) ("Because Italian Colors abrogated the District Court's basis for invaliding the class-action waiver provision in this case, we conclude that the District Court erred in denying E&Y's motion to compel arbitration") Id.  The Supreme Court's Italian Colors decision held that a class action waiver must be enforced even when the plaintiff is seeking class relief noting that it "merely limits arbitration to the two contracting parties." Plaintiffs' respective agreements to arbitrate their disputes with Citibank are patently enforceable in light of the Supreme Court's recent decisions.

Therefore Citibank respectfully requests a pre-motion conference to discuss these issues and arrange a briefing schedule.

Respectfully submitted,

Tracee E. Davis

cc:    All counsel by ECF